[No. 13409.   In Bank. — February 1, 1890.]

## VINCENT C. PEZUELA, PETITIONER, *v.* SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

ESTATES OF DECEASED PERSONS — FINAL ACCOUNT OF EXECUTOR — DISTRIBUTION — WRIT OF PROHIBITION — STAY OF PROCEEDINGS PENDING APPEAL — STIPULATION FOR STAY — DISMISSAL OF WRIT. — When an alternative writ of prohibition is sued out to compel a stay of proceedings in respect to the distribution of an estate, pending an appeal from an order settling the final account of the executor, if the heirs allege and show, upon a petition by them asking for a dismissal of the alternative writ of prohibition, that they have withdrawn their petition for final distribution by leave of court, and stipulate that they will not apply for final distribution pending the appeal, the application for dismissal of the writ will be granted, at costs of the moving party.

APPLICATION of respondent to dismiss an alternative writ of prohibition to the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*T. I. Bergin,* for Petitioner.

*Smith, Wright & Pomeroy,* for Respondent.

PATERSON, J. — On August 19, 1889, plaintiff filed a petition herein, alleging that, notwithstanding the fact that he had appealed from an order of the superior court settling his account as executor, — in which he was required to account for $9,847.29 more, he alleged, than he should be charged with, — said court claimed that the appeal did not suspend the operation of the order settling said account, and, on application of the heirs, was proceeding to a final distribution of the estate. Upon this petition, an alternative writ of prohibition was issued out of this court commanding the superior court to refrain from further hearing the said petition for final dis-

LXXXIII. CAL.—4

tribution, and to show cause, on September 20, 1889, why it should not be prohibited " from further proceedings upon the aforesaid petition for final distribution of said estate until the appeal of the petitioner from the order of said superior court settling the final accounts of the petitioner and executor to this court shall have been finally disposed of." Thereafter respondent filed an answer herein, and argument was had upon the question as to the effect of the appeal referred to. Pending decision upon that issue, the heirs mentioned in the petition, and who filed the application for a final distribution, have filed a petition herein, asking that the alternative writ of prohibition be dismissed, on the ground that since the argument on the return to the writ they had, by leave of the superior court, withdrawn their application for final distribution. In said petition they stipulate to make no application for final distribution of the estate until the determination of the appeal from the order settling the final account, expressly reserving, however, their right to apply for partial distribution if advised so to do. In support of the request, they have filed herein a certified copy of an order of the court below allowing them to withdraw their application for distribution.

We see no good reason for refusing to grant the application. The writ, if made peremptory, would prohibit the court only from proceeding to a final distribution until the determination of the appeal from the order settling the account of the executor. As that proceeding has been entirely abandoned in the court below, and the parties interested have stipulated not to renew their application, the issuance of a peremptory writ could serve no useful purpose. The question whether the heirs are entitled to proceed under section 1663 of the Code of Civil Procedure for a partial distribution, pending the appeal from the order settling the account, is not before us in this proceeding.

It is ordered that the writ heretofore issued herein be discharged, and that the moving parties pay the costs incurred.

McFarland, J., Fox, J., Beatty, C. J., and Sharpstein, J., concurred.